UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

CANINES, CATS AND CRITTERS, LLC,

Plaintiff,

-against-

ARIEL BROFMAN,

Defendant.

-----------------------------------------------------X

ARIEL BROFMAN,

Counterclaim Plaintiff,

-against-

CANINES, CATS AND CRITTERS, LLC,
and CORA MITCHELL,

Counterclaim Defendants.

-----------------------------------------------------X

**ORDER**

25 Civ. 1026 (NSR)(JCM)

On August 14, 2026, Defendant/Counterclaim Plaintiff Ariel Brofman ("Brofman") submitted a letter motion asking the Court to so-order a third-party subpoena seeking documents from Peter J. Rossi, an accountant for Plaintiff/Counterclaim Defendants Canines, Cats and Critters, LLC and Cora Mitchell (collectively, "CCC"). (Docket No. 28). The subpoena seeks eight categories of documents. (*Id.*). CCC objects to Document Request Nos. 2 through 7 but does not object to Document Request Nos. 1 and 8. (Docket No. 30).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26 ("Rule 26") allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." Fed. R. Civ. P. 26. While relevant evidence, for purposes of discovery, need not be admissible at trial, a court "must limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Lynch v. City of N.Y.*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021) (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also* Fed. R. Civ. P. 26(b)(1). Relevance is determined "in light of the claims and defenses asserted by the parties," *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993), and the Court has "broad discretion in determining relevance for discovery purposes," *Michael Kors, L.L.C. v. Su Yan Ye*, 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019). "The burden of demonstrating relevance is on the party seeking discovery." *Cohen v. City of N.Y.*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *2 (S.D.N.Y. May 6, 2010).

Generally, a party does not have standing to object to a subpoena directed at a non-party witness. *See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023). "A party may nonetheless object to a subpoena issued to a non-party if the objecting party claims some personal right, real interest in, or privilege concerning the documents at issue." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 293 (E.D.N.Y. 2024); *see also Silverstone Holding*, 650 F. Supp. 3d at 202 (permitting a party to object to a third-party subpoena that sought information "from or about" the objecting party). Specifically, parties "whose banking records are subpoenaed, have a privacy interest in their . . . financial affairs that gives them standing to move to quash a subpoena served on a non-party

financial institution." *Arias-Zeballos v. Tan*, No. 06 Civ. 1268 (GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007).

## II. DOCUMENT REQUEST NOS. 2 THROUGH 7

Document Request Nos. 2 through 7 seek the following:

> 2. All books, records, account ledgers, work sheets, financial reports, profit and loss statements, and annual financial reports concerning CCC.
>
> 3. Copies of the federal, New York State and local income tax returns, including all schedules, supporting documentation and attachments, of CCC.
>
> 4. For any year in which CCC did not file federal, New York State and/or local income tax returns, copies of schedules included in any individual federal, New York State and/or local income tax return of Mitchell for the corresponding period concerning CCC.
>
> 5. Copies of the Employer's Quarterly Federal Tax Returns (Form 941) of CCC.
>
> 6. Copies of the New York State Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Returns (Form NYS-45) of CCC.
>
> 7. Copies of the Employer's Annual Federal Unemployment (FUTA) Tax Returns (Form 940) of CCC.

("Document Requests") (Docket No. 28-1 at 6). Each of these Document Requests pertains to CCC's banking, financial, and business records. Therefore, CCC has standing to object to the subpoena. *See Solow v. Conseco, Inc.*, No. 06 Civ. 5988 (BSJ)(THK), 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (collecting cases).

CCC argues that Document Request Nos. 2 through 7 are not relevant and, therefore, outside of the scope of discovery permitted under Rule 26. (Docket No. 30 at 2). Brofman counters that the Document Requests are relevant because CCC is "asserting a damages claim based on lost profits," so Brofman is entitled to the records documenting profits and losses.

(Docket No. 28 at 3). Brofman further asserts that even if CCC was not seeking lost profit damages, the Document Requests are relevant to her Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") counterclaims. (*Id.* at 3-4).

CCC represents that it is not asserting a claim for lost profits. (Docket No. 30 at 2). Rather, CCC seeks contractual liquidated damages, disgorgement of Brofman's profits allegedly obtained in violation of the contract, damages for funds that allegedly unjustly enriched Brofman, and nominal and punitive damages. (*Id.* at 2-3). Thus, while CCC seeks damages based on profits obtained by Brofman, CCC does not seek damages for profits it allegedly lost. Therefore, Brofman has not shown that Document Request Nos. 2 through 7 are relevant or "reasonably calculated to lead to the discovery of admissible evidence," as required by Rule 26. *Nat'l Cong. for Puerto Rican Rts. ex rel. Perez v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000).

Nor has Brofman shown that Document Request Nos. 2 through 7 are relevant to her counterclaims. If Brofman prevails on her FLSA counterclaim, she may recover "'the amount of [her] unpaid minimum wages, or [her] unpaid overtime compensation' and 'an additional equal amount as liquidated damages.'" *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 374 (E.D.N.Y. 2022) (quoting 29 U.S.C. § 216(b)). Additionally, she may also "recover unpaid wages and liquidated damages under the NYLL." *Id.* Accordingly, Document Request Nos. 2 through 7 are not relevant to the damages sought under Brofman's FLSA and NYLL counterclaims.

## III. CONCLUSION

For the reasons set forth herein, the Court grants CCC's request to exclude Document Request Nos. 2 through 7 from the third-party subpoena. Brofman is directed to file a revised third-party subpoena, consistent with this Order, for the Court's review by September 18, 2026.

The Clerk of Court is respectfully requested to terminate the pending motions (Docket Nos. 28 and 30).

Dated: September 14, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge