**THE LAW OFFICES OF RUSSELL E. ADLER PLLC**
**LABOR AND EMPLOYMENT LAW ADVOCACY, ADVICE & COUNSEL**
WWW.RADLERLAWPLLC.COM

535 FIFTH AVENUE, 4TH FLOOR
NEW YORK, NEW YORK 10017

**SO ORDERED:**
The Court has scheduled a telephone conference for October 8, 2026 at 11:00 a.m. to discuss the issues raised in this letter. Counsel shall call 855-244-8681 and enter access code 1800490580 at the time of the conference.
Judith C. McCarthy 9-29-26
JUDITH C. McCARTHY
United States Magistrate Judge

Via ECF

Hon. Judith C. McCarthy, Chief Magistrate Judge
Hon. Charles L. Brient Jr. Federal Building
and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: Canines, Cats and Critters LLC v. Ariel Brofman
25-CV-01026 (NSR)(JCM)

Dear Judge McCarthy:

I am counsel for Plaintiff/Counterclaim Defendant, Canines, Cats and Critters, LLC ("CCC"), and write to address issues related to Defendant's production which came to light during Plaintiff's deposition.

On July 9, I deposed Defendant and Counterclaim Plaintiff, Ariel Brofman ("Brofman"). On July 29 (following receipt of the deposition transcript), I requested production of records were referenced at the deposition that were not produced, and revised production of records which were produced in a deficient or incomplete manner, the extent of which only became apparent at the deposition. Defendant's counsel responded on September 4, I responded on September 10, and the parties met and conferred via telephone on September 16, but were unable to resolve the matter.

**Brofman's calendars, which Brofman represented she used to schedule and/or invoice clients**

During her deposition, Brofman repeatedly referenced a calendar she used to schedule clients, a calendar that was not produced despite the fact that it was clearly responsive to a prior discovery demand. This calendar is directly relevant to the claims and defenses in the action (solicitation of and conducting business with former CCC clients & violation of the faithless servant doctrine) and should therefore be produced.

<u>**All invoices Brofman or Paws in Paradise provided to CCC clients.**</u>

Defendant provided some invoices from Square (a payment application), but only though November 2025, thus nearly year of records were not produced and remain outstanding.

<u>**All payment records from Venmo and Square.**</u>

As noted above, the records from Square are incomplete. With regard to records from Venmo, Brofman provided incomplete records in random order. For example, in Defendant's production numbers 1487 through 1497, the documents are consistently formatted and include records from February through April 2026, but at page 1498, there is a random insert from August 2024 in a different format, and then production resumes at page 1499, but starting in October 2025. Similarly, Defendant's records from document numbers 1517 – 1529 move back and forth between 2023 and 2024. Defendant's production methodology renders accurate review and/or calculation impossible.

CCC seeks production of these records as they are kept in the ordinary course of business. These records are all from banking applications which can easily produce records in chronological order (presumably the default display method as well), yet this was not done. In addition, the records should be produced in a single bates range, not inserted haphazardly between miscellaneous unrelated documents as they were produced here.[1]

<u>**Revised production of all previously provided text chains with CCC clients, with such production in chronological order, without interruption, and not via screenshot which obscures content.**</u>

For the former CCC clients with whom Brofman did produce records, they are produced in haphazard fashion, in broken ranges, in no apparent order, and their content is obscured by the screenshot methodology used to capture the images. During Brofman's deposition, I identified multiple examples of texts between Brofman and former CCC clients where the text chain was abruptly cut-off, only to continue at a later page range, but for a different time period. As a result of this slapdash production, it is impossible to make sense of these communications or even determine whether the text messages were produced in full.

**All written communications with CCC clients whom Ms. Brofman provided services after resigning from CCC, but for whom no text messages were provided, including but not limited to 32 clients identified in CCC's July 29 letter.**

---

[1] At the court's request, I can submit examples of the issues addressed herein, or bring relevant documents to a conference, but doing so here would exceed the court's page limitation for addressing discovery disputes.

Despite testifying that she had text communications with all of her clients, no communications were provided for 32 individuals identified at Brofman's deposition as former CCC clients for whom Brofman may have provided services.

Respectfully submitted,

Russell E. Adler